# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE N. MCHENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CV-804-TLW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Duane McHenry seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3)(A). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. [Dkt. # 13].

Plaintiff's applications for disability insurance benefits and supplemental security income were filed on January 27, 2006, alleging an onset date of April 5, 2005. [R. 82, 85]. The Administrative Law Judge ("ALJ ") held a hearing on September 11, 2007. [R. 21]. On October 22, 2007, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the SSA. [R. 9]. The Appeals Council denied review on October 23, 2009. [R. 1]. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481. On December 23, 2009, plaintiff filed the subject action with this Court. [Dkt. # 1].

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is only to determine whether substantial evidence supports that decision and whether the applicable

legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

## Background

Plaintiff was born on February 15, 1964, and was 43 years old on the date of the hearing before the ALJ. [R. 26]. He completed the eleventh grade. [R. 27]. Plaintiff has prior work experience as a drywall mixer and a bun oven operator. [R. 44]. On April 5, 2005, plaintiff was involved in a two vehicle head-on collision. Following the accident, he was admitted to St. Francis Hospital with a fracture to his left hip and left femur. [R. 156]. On April 8, 2005, Dr. Bryan Hawkins, M.D. performed surgery to insert a nail in the femoral shaft and a pin in the left hip. [R. 167]. Plaintiff was released from the hospital on April 14, 2005. [R. 163]. Plaintiff had ten follow-up office evaluations with Dr. Hawkins from April 25, 2005 to September 11, 2006. In his decision, the ALJ summarized Dr. Hawkins' evaluation notes for each of these office visits, particularly the x-ray reports, and the progression of weight bearing recommended for plaintiff's left leg. [R. 17]. On December 15, 2005, Dr. Hawkins opined that plaintiff could bear full weight with a cane. [R. 192]. On September 28, 2005, Dr. Hawkins opined that plaintiff had progressed to full weight bearing on his left leg and x-rays revealed solid healing of the fracture. On February 8, 2006, plaintiff could bear full weight and was directed to try walking without a cane. [R. 210]. On

September 11, 2006, Dr. Hawkins sent a letter to the Oklahoma Disability Determination Department, with a recommendation that plaintiff "be eligible for Short Term Disability through Social Security dated back to April 5, 2005." [R. 206]. In this appeal, plaintiff argues Dr. Hawkins' recommendation to award him social security benefits dating back to April 5, 2005, should be entitled to controlling weight.

Plaintiff alleges he is disabled because of the injuries he received in April 2005 to his left leg and hip. [R. 119]. By application of the 5-step sequential evaluation, the ALJ found that plaintiff had not been employed since April 5, 2005; his severe impairment was "status post hip and femur fracture"; his impairment did not meet or equal one of the listed impairments; he is unable to return to his past work as a drywall mixer, or bun oven operator; however, after considering the evidence, consulting a vocational expert, and other relevant factors, the ALJ found that plaintiff could perform sedentary work, such as an order clerk or machine operator and that such jobs existed in sufficient numbers in the regional and national economy. [R. 19]. This finding was made at the fifth step in the five step inquiry outlined in Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail).[1]

**Discussion**

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C.§ 423 (d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). The term "disability" is defined as the inability to

---

[1] The five-step sequence provides that the claimant (1) is not gainfully employed, (2) has a severe impairment, (3) has an impairment which meets or equals an impairment presumed by the Secretary to preclude substantial gainful activity, listed in Appendix 1 to the Social Security Regulations, (4) has an impairment which prevents her from engaging in her past employment, and (5) has an impairment which prevents her from engaging in any other work, considering her age, education, and work experience. Ringer v. Sullivan, 962 F.2d 17 (10th Cir. 1992) (unpublished) citing Williams v. Bowen, 844 F.2d at 750-52.

3

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. A claimant is determined to be disabled only if he is unable to do his previous work and considering his age, education, and work experience, cannot perform any other kind of work in the regional or national economy. 42 U.S.C. § 423(d). To meet this burden plaintiff must provide medical evidence of an impairment and the severity of an impairment during the time of his alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). Disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a).

Plaintiff raises one issue on appeal. Whether the ALJ erred in failing to give controlling weight to the opinion of plaintiff's treating physician Dr. Hawkins. Plaintiff relies on the following entries in Dr. Hawkins' examination notes, as controlling opinions. Dr. Hawkins' entry on March 14, 2006, that plaintiff "has not been able to work since the injury and is still under his care." Dr. Hawkins' entry on September 11, 2006, that plaintiff "has been taken off his work duties beginning April 5, 2005 and has not returned to work as of September 11, 2006." Dr. Hawkins' September 11, 2006 recommendation that plaintiff's return to work date is January 1, 2007, and "due to the severity of the injury, the healing and the possibility of another surgery that the Claimant be eligible for

4

disability back to April 5, 2005." [Dkt. # 18 at 6-7]. Specifically, plaintiff contends the ALJ rejected Dr. Hawkins' opinion without providing specific, legitimate reasons for doing so. [Dkt. # 18 at 6]. The court disagrees.

The ALJ followed the correct legal procedure in finding that Dr. Hawkins' opinion was not entitled to controlling weight. The proper procedure for evaluating the opinion of a treating physician is well established. "Under the regulations, the agency rulings, and our case law, an ALJ must give good reason in the notice of determination or decision for the weight assigned to a treating physician's opinion." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing 20 C.F.R. § 404.1527 (d)(2) and Social Security Ruling 96-2p, 1996 WL 374188 at 5). "The type of opinion typically accorded controlling weight concerns the 'nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions.'" Lopez v. Barnhart, 183 Fed. Appx. 825, 827 (10th Cir. 2006) (unpublished).[2] Generally, an ALJ should give more weight to opinions from treating physicians. Watkins, 350 F.3D at 1300 (citing 20 C.F.R.§ 404.1527(d)(2)). However, it is error to give the opinion controlling weight simply because it is provided by a treating source. Id.

In determining whether the opinion should be given controlling weight, the analysis is sequential. First, the ALJ must determine whether the opinion qualifies for "controlling weight" by determining whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record. Id. If the answer is "no," then the analysis is complete. If the ALJ finds that the opinion is

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Second, if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, it is entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. §§ 404.1527 and 416.927. Those factors are:

> (1) the length of the treating relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed, (3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole, (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Id. at 1301 (citing Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). The ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

Third, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so. Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1990)). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion and the reasons for that weight. Anderson v. Astrue, 319 Fed. Appx. 712, 717 (10th Cir. 2009) (unpublished).

In the instant case, the ALJ summarized Dr. Hawkins' medical records, including his evaluation of plaintiff's progression to full weight bearing on his left leg and x-rays revealing solid healing of the fracture as early as September 28, 2005. The ALJ's summary follows:

6

> Physical examination on April 25, 2005, revealed the claimant was doing well. Dr. Hawkins reported that his x-rays showed excellent alignment and the claimant was allowed 25 percent weight bearing to see if there would be settling of the hip. On May 23, 2005, Dr. Hawkins once again noted the claimant was doing well while his x-rays showed the beginning of consolidation of the shaft. He reported concern over mild distraction of the hip. Physical examination on June 23, 2005, revealed the claimant was doing well and continuing to improve. He was placing 40 pounds of pressure on his leg. X-rays showed progress in consolidation of the fractures. Dr. Hawkins allowed the claimant to increase his weight bearing on August 4, 2005. X-rays showed reasonable progression in the healing at both the hip and fracture. Physical examination on September 28, 2005 showed the claimant walking with a cane and full weight bearing. X-rays revealed solid healing of the fracture. Dr. Hawkins reported the claimant would not be able to return to his previous job installing drywall. On December 15, 2005, Dr. Hawkins stated the claimant could go full weight bearing as tolerated and he had excellent healing (Exhibit 3F).
>
> Physical examination on May 10, 2006, revealed the claimant had significant improvement in generalized pain and swelling. Dr. Hawkins reported that the claimant had no complaints in his hip. X-rays showed excellent progress in consolidation and that the hip was solidly healed. Dr. Hawkins opined that the claimant should continue weight bearing and continue with activities. On September 11, 2006, Dr. Hawkins reported excellent healing for the claimant and stated there was really not much else to do. He further instructed the claimant to progress off the cane (Exhibit 5F).

[R. 17]. The ALJ then noted Dr. Hawkins' September 11, 2006 letter to the Oklahoma Disability Determination Division stating that plaintiff could not return to work activity until January 2007 and that he was eligible for disability benefits dating back to April 2005. [R. 17].

In following the proper sequential analysis, the ALJ initially determined that Dr. Hawkins' opinion was not entitled to controlling weight and he gave specific reasons for his decision. The ALJ properly found that Dr. Hawkins' opinion on September 11, 2006, contrasted sharply with and was without substantial support from other evidence of record and showed the doctor was apparently unfamiliar with the definition of "disability" for social security purposes. [R. 17]. He found that Dr. Hawkins' opinion conflicts with his own treatment records and the x-ray reports. The ALJ next gave

7

"specific, legitimate reasons" for rejecting Dr. Hawkins' opinion: (1) Dr. Hawkins' opinion regarding plaintiff's eligibility for benefits was an ultimate conclusion reserved strictly to the ALJ (the ALJ relied on Social Security Ruling 96-5p that some issues are not medical issues, but are administrative findings, an example being, plaintiff's functional capacity to work); (2) Dr. Hawkins did not place any functional restrictions on plaintiff's activities that would preclude sedentary work; (3) Dr. Hawkins stated plaintiff could return to work activity; and (4) Dr. Hawkins suggested a work rehabilitation program with training for a sit down job and minimal walking.

The ALJ then considered other factors that supported his decision that plaintiff was capable of performing sedentary work: (1) Although plaintiff testified that his daily activities were restricted, the ALJ found that these restrictions were self imposed; (2) there was no evidence that Dr. Hawkins told plaintiff to do nothing all day; (3) Dr. Hawkins' opinion conflicts with the objective medical evidence of record; (4) Dr. Hawkins' opinion conflicts with the opinions of two medical experts with the state agency who both opined that plaintiff could perform at least light work activity. [R. 18]. Thus, the Court finds that the ALJ properly considered other relevant factors in determining that Dr. Hawkins' opinion is "less persuasive." Plaintiff raises no other issues in this appeal.

## Conclusion

Thus, the Court finds no error in the ALJ's determination as to the weight to give Dr. Hawkins' opinion, that the ALJ's opinion is supported by substantial evidence and that the correct legal standards were applied. Based on the foregoing, the Court AFFIRMS the decision of the Commission denying disability benefits to plaintiff.

SO ORDERED this 21st day of March, 2011.

T. Lane Wilson
United States Magistrate Judge